**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00474-KLM

LAWRENCE HENRY SMALLEN AND
LAURA ANNE SMALLEN REVOCABLE
LIVING TRUST, Individually and on Behalf
of All Others Similarly Situated,

                          Plaintiff,

        v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK, SCOTT T.
SCHEIRMAN, and RAJESH K.
AGRAWAL,

                          Defendants.

Civil Action No.: 1:17-cv-00648-KMT

UA LOCAL 13 PENSION FUND, Individually
and on Behalf of All Others Similarly Situated,

                          Plaintiff,

        v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK, SCOTT T.
SCHEIRMAN, and RAJESH K.
AGRAWAL,

                          Defendants.

**-***caption continued on following page-*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE HENRY SMALLEN AND LAURA ANNE SMALLEN REVOCABLE LIVING TRUST FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN HERMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br>  v.<br><br>THE WESTERN UNION COMPANY, HIKMET ERSEK, SCOTT T. SCHEIRMAN, and RAJESH K. AGRAWAL,<br><br>         Defendants. | No.  2:17-cv-00650-CBM-AJW |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT..................................................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.........................................................................................................3

    B.    THE SMALLEN TRUST SHOULD BE APPOINTED LEAD PLAINTIFF.......................................................................................................5

        1.    The Smallen Trust is Willing to Serve as Class Representative ..................6

        2.    The Smallen Trust Has the "Largest Financial Interest" .............................6

        3.    The Smallen Trust Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure....................................................7

        4.    The Smallen Trust Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses .....................9

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................................................................................................10

CONCLUSION.............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D. N.J. 2003).................................................................................................7

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)..................................................................................................................9

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994)..........................................................................................................8

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ..............................................................................................4

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006)...................................................................................................8, 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ..............................................................................................4

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999)................................................................................................8

*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla. 1997)..............................................................................................8

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................8

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ..............................................................................................8

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004).............................................................7

*In re Comverse Tech., Inc., Sec. Litig.*,
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..........................................................7

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) .........................................................4

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp.2d 286 (E.D.N.Y. 1998) .......................................................................................7, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................................8

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ....................................................................................4

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004).....................................................................................7

*Janovici v. DVI, Inc.*, No. 03-4795,
   2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)..............................................7

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)........................................................................................4

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...............................................6

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)..........................................................................................4

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...........................................10

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986).......................................................................................9

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ....................................................................... *passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ............................................................. *passim*

Federal Rules of Civil Procedure Rule 42 ............................................................1, 3, 4

Movant Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust ("the Smallen Trust") respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order:  (1) consolidating the above-captioned related actions; (2) appointing the Smallen Trust as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of The Western Union Company ("Western Union" or the "Company") between February 24, 2012 and January 19, 2017, inclusive (the "Class Period"); (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Currently pending are three federal securities class action lawsuits (the "Related Actions")[1] filed on behalf of the Class, consisting of persons, other than Defendants, who purchased or otherwise acquired securities of Western Union during the Class Period.  Each raises substantially similar allegations: defendants violated federal securities laws by issuing false and misleading statements.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Smallen Trust, with losses of approximately $10,771 in connection with its purchases of

---

[1] The Related Actions are *UA Local 13 Pension Fund v. Western Union Company*, 1:17-cv-00648 (D. Colo. Mar. 19, 2017); *Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust v. The Western Union Company et al.*, 1:17-cv-00474 (D. Colo. Mar. 16, 2017); and *Martin Herman v. The Western Union Company et al.,* 2:17-00650 (C.D. Cal. Jan. 26, 2017).

1

Western Union common stock, has the largest financial interest in the relief sought in this action.  The Smallen Trust further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members.  Accordingly, the Smallen Trust respectfully submits that it should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

The Western Union Company provides money movement and payment services worldwide. The company operates in three segments: Consumer-to-Consumer, Consumer-to-Business, and Business Solutions.

The Company was founded in 1851 and is headquartered in Englewood, Colorado. Western Union's stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "WU."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Western Union's fraud prevention efforts did not comply with applicable laws; (ii) Western Union willfully failed to maintain an effective anti-money laundering program; (iii) Western Union aided and abetted wire fraud; (iv) for at least five years, Western Union knew of agents structuring transactions designed to avoid the reporting requirements of the Bank Secrecy Act; (v) Western Union was not compliant with its regulatory responsibilities; (vi) between 2004 and 2012, Western Union violated U.S. laws—the Bank Secrecy Act and anti-fraud statutes—by processing hundreds of thousands of transactions for Western Union agents and others involved in an international consumer fraud scheme; (vii) Western Union knew of but failed to

2

take corrective action against Western Union agents involved in or facilitating fraud-related transactions; (viii) between January 1, 2004 and August 29, 2015, Western Union received at least 550,928 complaints about fraud-induced money transfers, totaling at least $632,721,044; and (ix) as a result of the foregoing, Western Union's public statements were materially false and misleading at all relevant times.

On January 19, 2017, the U.S. Department of Justice and the Federal Trade Commission ("FTC") announced that Western Union had agreed to pay $586 million and admitted to "aiding and abetting wire fraud" by allowing scammers to process transactions even when the Company realized that its agents were disguising transactions to avoid detection.

On this news, Western Union's share price fell $0.87, or 3.9%, over two trading days, to close at $20.98 on January 20, 2017.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).  See also Manual for Complex Litigation (Third), § 20.123 (1995).

3

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of Western Union's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

4

## B.     THE SMALLEN TRUST SHOULD BE APPOINTED LEAD PLAINTIFF

The Smallen Trust should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Smallen Trust satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     The Smallen Trust is Willing to Serve as Class Representative

On January 26, 2017, counsel for plaintiff in the first of the Related Actions to be filed caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Western Union securities that they had until March 27, 2017, to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion of Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust for Consolidation, Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

The Smallen Trust has filed the instant motion pursuant to the Notice, and has attached a Certification attesting that the Smallen Trust is willing to serve as a class representative for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. B. Accordingly, the Smallen Trust satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.     The Smallen Trust Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Smallen Trust believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses

6

suffered).[2] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, the Smallen Trust (1) purchased 5,000 shares of Western Union securities; (2) expended $110,500 on its purchases of Western Union securities; (3) retained all of its Western Union shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $10,771.  *See* Lieberman Decl., Ex. C.  Because the Smallen Trust possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The Smallen Trust Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[2] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the Smallen Trust are typical of those of the Class. The Smallen Trust alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Western Union, or omitted to state material facts necessary to make the statements they did make not misleading. The Smallen Trust, as did all members of the Class, purchased Western Union

8

securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Smallen Trust is an adequate representative for the Class. There is no antagonism between the interests of the Smallen Trust and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the Smallen Trust has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The Smallen Trust Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the Smallen Trust as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or

> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Smallen Trust to fairly and adequately represent the Class has been discussed above. The Smallen Trust is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the Smallen Trust should be appointed Lead Plaintiff for the Class.

### C.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Smallen Trust has selected the Pomerantz law firm as Lead Counsel. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Exhibit D.  As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Actions, the Smallen Trust's counsel have the skill and knowledge which will enable them to prosecute the Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead and Liaison Counsel by the Smallen Trust, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, the Smallen Trust respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing the Smallen Trust as Lead Plaintiff for the Class; (3) approving the Pomerantz law firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: March 27, 2017

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Hui M. Chang (not admitted)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
hchang@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom (not admitted)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movant*

11