**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00474-KLM

LAWRENCE HENRY SMALLEN and LAURA ANNE SMALLEN REVOCABLE LIVING TRUST, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK,
SCOTT T. SCHEIRMAN,
and RAJESH K. AGRAWAL,

    Defendants.

---

Civil Action No. 1:17-cv-00648-KMT

UA LOCAL 13 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK,
SCOTT T. SCHEIRMAN,
and RAJESH K. AGRAWAL,

    Defendants.

---

**PLAINTIFF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## MOTION

Plaintiff UA Local 13 Pension Fund (the "Pension Fund") hereby moves the Court for an order: (1) appointing the Pension Fund as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and (2) approving the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel.

## D.C.Colo.LCivR 7.1 CERTIFICATION

Pursuant to D.C.Colo.LCivR 7.1(a), undersigned counsel has conferred in good faith with defendants' counsel who take no position on the appointment of lead plaintiff or lead counsel at this time. Due to the PSLRA's lead plaintiff procedure, however, the Pension Fund will not know which other class members, if any, intend to move for appointment as lead plaintiff until after all motions have been filed on March 27, 2017.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Presently pending in this district are two federal securities class actions (the "Related Actions") on behalf of all persons who purchased or otherwise acquired The Western Union Company ("Western Union" or the "Company") securities between February 24, 2012 and January 19, 2017 (the "Class Period"), against Western Union and certain of its officers for violations of the Securities Exchange Act of 1934 ("1934 Act"):

- *Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust v. The Western Union Co.*, No. 1:17-cv-00474 (filed February 22, 2017), and

- *UA Local 13 Pension Fund v. The Western Union Co.*, No. 1:17-cv-00648 (filed February 22, 2017 in M.D. Penn. and transferred to this District).

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). On March 23, 2017, defendants filed an unopposed motion to consolidate these two Related Actions. Dkt. No. 14. Another related action is pending in the United States District Court for the Central District of California, *Herman v. The*

*Western Union Co.*, No. 2:17-cv-00650 (filed January 26, 2017) (the "*Herman* Action"). Defendants have filed a motion to transfer the *Herman* Action to this District. An April 4, 2017, hearing is scheduled on the transfer motion.

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the Pension Fund should be appointed as lead plaintiff because: (1) it timely filed this Motion; (2) it, to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) it will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); §III.B., *infra*. In addition, the Pension Fund's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); §III.C., *infra*.

**II.    STATEMENT OF FACTS**

Western Union provides money movement and payment services worldwide. The complaints allege that throughout the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding the Company's business and compliance policies. Specifically, during the Class Period, Western Union and its senior management represented to investors that the Company maintained a robust compliance program and obeyed federal and international laws. The complaints, however, allege that, contrary to these representations, Western Union was systematically aiding and abetting a vast network of international criminal activities, including money laundering and consumer fraud schemes, and had willfully failed to implement effective compliance programs and had turned a blind eye to its agents' misconduct in order to boost the Company's short-term business. As a result of defendants' false

statements and/or omissions, Western Union shares traded at artificially inflated prices during the Class Period, reaching prices above $22 per share.

The truth began to leak out to the market on October 30, 2012, when the Company issued disappointing third quarter financial results and a series of strategic initiatives and price cutting measures, stating that income for 2013 may decline. The release when on to state that the Company's Executive Vice President and President of Global Consumer Financial Services had left the Company. As a result of these partial disclosures, the price of Western Union stock dropped $5.20 per share to close at $12.73 per share on October 31, 2012, a decline of 29% on heavy trading volume of 63 million shares.

On October 29, 2013, the Company downgraded its 2014 financial guidance, saying that it did not expect any operating income growth in fiscal 2014 because compliance costs would rise up to 4.5% of revenue. On this disclosure, the price of Western Union stock decline again, falling $2.39 per share – more than 12% on heavy trading volume which was 8.6 times greater than the average daily trading volume over the preceding 10 days.

The price of the Company's stock declined further after the November 15, 2013 announcement that defendant Scheirman had resigned, and the November 18, 2013 announcement that Moody's Investor Service had downgraded Western Union's senior unsecured rating to Baa2. On May 3, 2016, the Company reported disappointing first quarter 2016 EPS that fell below analysts' expectations, with analysts noting that compliance costs will permanently impair margins. On this announcement, the Company's shares fell $0.99 per share, or nearly 5%. Defendants, however, continued to fail to disclose Western Union's failure to prevent money laundering, consumer fraud schemes, and other illegal activities across its global operations.

Then on January 19, 2017, *The Wall Street Journal* published an article stating that Western Union had "agreed to pay $586 million to resolve U.S. criminal and civil charges that it failed to effectively police customers who were potentially using its services to engage in fraud." The article

stated that in the settlement agreement with the Department of Justice ("DOJ") and Federal Trade Commission ("FTC"), the Company "admitted it failed to maintain an effective anti-money-laundering program and it aided and abetted wire fraud." The same day, the DOJ and the FTC issued releases detailing the settlement and the Company's unlawful conduct. The DOJ's release stated that "'Western Union's failure to implement proper controls and discipline agents that violated compliance[] policies enabled the proliferation of illegal gambling, money laundering and fraud-related schemes. Western Union's conduct resulted in the processing of hundreds of millions of dollars in prohibited transactions.'" Over the next several days, additional information continued to come out about the Company's settlements with various regulators and the widespread misconduct of its employees and agents. On this news, which was revealed over several days, the price of Western Union shares fell $2.31 per share, or over 10%, to close at $19.54 per share on February 1, 2017.

## III.    ARGUMENT

### A.    The Pension Fund Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely-circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Fund meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1. The Pension Fund's Motion Is Timely

The notice published pursuant to the first-filed *Herman* Action on January 26, 2017, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from January 26, 2017. *See* Declaration of Henry Rosen in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosen Decl."), Ex. A. Because this Motion is being filed within 60 days of January 26, 2017, it is timely and the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

As indicated in its Certification, the Pension Fund purchased 59,540 shares of Western Union securities during the Class Period and suffered more than $175,900 in losses as a result of defendants' alleged wrongdoing. *See* Rosen Decl., Exs. B-C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Fund Satisfies Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). The adequacy and typicality requirements "'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 626

n.20 (1997) (citation omitted).  The Pension Fund satisfies the typicality and adequacy requirements of Rule 23(a).

The Pension Fund's claims are typical of the proposed class because they allege the same injury – loss of value in the Western Union securities purchased during the Class Period – and the same cause – alleged misrepresentations and omissions by the defendants in public disclosures issued during the Class Period – as are alleged in the complaints.  In addition, the Pension Fund is an adequate representative because there are no apparent conflicts between it and other class members and its counsel will vigorously prosecute the action on behalf of the class.  As such, the Pension Fund satisfies the Rule 23 requirements for the purposes of this Motion.

### B. The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d 726, 732-33 (9th Cir. 2002); *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

Robbins Geller, a 200-attorney firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation.  *See* Rosen Decl., Ex. D.  Robbins Geller's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.[1]  In fact, Robbins Geller attorneys are responsible for obtaining the largest securities fraud

---

[1] Judge Melinda Harmon commented that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country."  *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008).  Similarly, in approving the $600 million recovery by Robbins Geller attorneys in *Cardinal Health*, Judge Algenon Marbley noted that the "quality of representation in this case was superb."  *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (noting that Robbins Geller's attorneys "are nationally recognized leaders in complex securities class actions" and that the "quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action").

class action recovery ever, as well as the largest recoveries in the Tenth Circuit as well as in the Fifth, Sixth, Eighth, and Eleventh Circuits. *See, e.g.*, *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.) ($445 million recovery for the class is the largest recovery in the 10th Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC).[2]

Thus, the Court may be assured that the class will receive the highest caliber of legal representation available from Robbins Geller and The Shuman Law Firm. *See, e.g.*, Rosen Decl., Exs. D, E. Accordingly, the Pension Fund's selection of counsel should be approved.

---

[2] *See In re Enron Corp. Sec.*, No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class is the largest securities class action recovery in the 6th Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class is the largest recovery in the 8th Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500 (N.D. Ala.) ($671 million recovery for the class is the largest securities class action settlement in the 11th Circuit).

**IV.    CONCLUSION**

Each of the Related Actions should be consolidated pursuant to Rule 42(a). In addition, the Pension Fund has satisfied the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  March 27, 2017                                 Respectfully submitted,

                                                                        ROBBINS GELLER RUDMAN
                                                                           & DOWD LLP
                                                                        HENRY ROSEN
                                                                        TRICIA L. McCORMICK


                                                                              s/ HENRY ROSEN
                                                                              HENRY ROSEN

                                                                        655 West Broadway, Suite 1900
                                                                        San Diego, CA  92101-8498
                                                                        Telephone:  619/231-1058
                                                                        619/231-7423 (fax)
                                                                        henryr@rgrdlaw.com

                                                                        ROBBINS GELLER RUDMAN
                                                                           & DOWD LLP
                                                                        SAMUEL H. RUDMAN
                                                                        58 South Service Road, Suite 200
                                                                        Melville, NY  11747
                                                                        Telephone:  631/367-7100
                                                                        631/367-1173 (fax)

                                                                        ROBBINS GELLER RUDMAN
                                                                           & DOWD LLP
                                                                        ROBERT J. ROBBINS
                                                                        120 East Palmetto Park Road, Suite 500
                                                                        Boca Raton, FL  33432
                                                                        Telephone:  561/750-3000
                                                                        561/750-3364 (fax)

                                                                        [Proposed] Lead Counsel for Plaintiff


THE SHUMAN LAW FIRM
RUSTY E. GLENN
600 17th Street, Ste. 2800 South
Denver, CO 80202
Telephone: 303/861-3003
303/536-7849 (fax)
rusty@shumanlawfirm.com

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 27, 2017.

    s/ HENRY ROSEN
HENRY ROSEN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:henryr@rgrdlaw.com

# Mailing Information for a Case 1:17-cv-00474-KLM Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust v. Western Union Company, The et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Chuan Cheng**
  ccheng@hollandhart.com,blwerner@hollandhart.com,intaketeam@hollandhart.com

- **David Franklin Graham**
  dgraham@sidley.com,efilingnotice@sidley.com,david-graham-9409@ecf.pacerpro.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Hille von Rosenvinge Sheppard**
  hsheppard@sidley.com,snotton@sidley.com,sbrody@sidley.com,hille-sheppard-8094@ecf.pacerpro.com,jlopez@sidley.com,dmclaughlin@sidley.com,efilingnotice@sidley.com,kstead@sidley.com,ntygesso@sidley.com,lois.reid@sidley.com

- **Holly Stein Sollod**
  hsteinsollod@hollandhart.com,blwerner@hollandhart.com,cmchallis@hollandhart.com,intaketeam@hollandhart.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 1:17-cv-00648-KMT UA Local 13 Pension Fund v. Western Union Company, The et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Chuan Cheng**
  ccheng@hollandhart.com,blwerner@hollandhart.com,intaketeam@hollandhart.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **David Franklin Graham**
  dgraham@sidley.com,efilingnotice@sidley.com,david-graham-9409@ecf.pacerpro.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com,lmix@rgrdlaw.com

- **Hille von Rosenvinge Sheppard**
  hsheppard@sidley.com,sbrody@sidley.com,kstead@sidley.com,efilingnotice@sidley.com,hille-sheppard-8094@ecf.pacerpro.com,lois.reid@sidley.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com

- **Holly Stein Sollod**
  hsteinsollod@hollandhart.com,blwerner@hollandhart.com,cmchallis@hollandhart.com,intaketeam@hollandhart.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`