**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00474-KLM

LAWRENCE HENRY SMALLEN and LAURA ANNE SMALLEN REVOCABLE LIVING TRUST, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE WESTERN UNION COMPANY, et al.,

    Defendants.

---

Civil Action No. 1:17-cv-00648-KMT

UA LOCAL 13 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE WESTERN UNION COMPANY, et al.,

    Defendants.

---

Civil Action No. 1:17-cv-00809-KLM

MARTIN HERMAN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE WESTERN UNION COMPANY, et al.,

    Defendants.

**PLAINTIFF UA LOCAL 13 PENSION FUND'S MEMORANDUM IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

On April 17, 2017, two movants filed motions for appointment as lead plaintiff in this action: (1) UA Local 13 Pension Fund (the "Pension Fund"); and (2) Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust (the "Smallen Trust"). Dkt. Nos. 15, 17. One additional movant, Martin Herman, also filed a motion for lead plaintiff appointment in a related action, *Herman v. The Western Union Co.*, 1:17-cv-00809-KLM (the "*Herman* Action"), which was transferred to this District from the Central District of California on March 31, 2017. *Herman* Action, Dkt. No. 31. As a result, the Pension Fund's opposition to competing motions for appointment as lead plaintiff includes an opposition to Herman's motion.

## I.   INTRODUCTION AND BACKGROUND

These related securities class actions were brought on behalf of all persons who purchased or otherwise acquired the securities of The Western Union Company ("Western Union") between February 24, 2012 and January 19, 2017, inclusive (the "Class Period"), and assert claims pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"). Therefore, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a), dictates the appointment of a lead plaintiff in this case.

Pursuant to the PSLRA, prior to appointing a lead plaintiff, the Court must decide whether to consolidate the related actions. 15 U.S.C. §78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff] determination . . . until after the decision on the motion to consolidate is rendered."). Defendants filed an unopposed motion to consolidate the related actions, and any related actions that may be transferred to this District, on March 23,

2017, certifying that all plaintiffs' counsel had agreed to consolidate the related actions. Dkt. No. 14. In addition, the Smallen Trust sought to have the actions consolidated in its motion dated April 17, 2017. Dkt. No. 15. As a result, there is no question that the related actions should be consolidated, including the *Herman* Action which was recently transferred to this District.

Following consolidation, the PSLRA requires that the Court appoint a lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B). According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "'largest financial interest in the relief sought by the class,'" and (2) who "otherwise satisf[ies] the requirements of [Rule 23]." *See In re Karkus*, No. 09-1500, 2010 U.S. App. LEXIS 24559, at *5 (10th Cir. Jan. 27, 2010); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).[1]

Based on the submissions made by the three lead plaintiff movants, the Pension Fund is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Pension Fund suffered the largest losses ($175,974) from its purchases of Western Union securities during the Class Period, and the Pension Fund has demonstrated that it meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* Dkt. No. 17.

The Smallen Trust and Herman both suffered significantly smaller losses than the Pension Fund, and they are subject to unique defenses that prevent them from being appointed lead plaintiff. *See infra*, §II.C.

Accordingly, the Pension Fund should be appointed as Lead Plaintiff and its selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel in this litigation should be approved.

---

[1] Unless otherwise noted, all emphasis is added and citations are omitted.

## II.   ARGUMENT

### A.   The Pension Fund Is the Movant that Satisfies All of the PSLRA's Lead Plaintiff Requirements

Based upon the submissions by the lead plaintiff movants, the Pension Fund has the largest financial interest of any of the movants:

| MOVANT | LOSSES |
|---|---|
| Pension Fund | $175,974 |
| Smallen Trust | $10,771 |
| Herman | $326.00 |

The Pension Fund suffered a loss nearly 16 times greater than the other two movants *combined*. The Pension Fund purchased its 59,540 shares of Western Union stock in July 2012, and held the stock until after at least one significant partial disclosure which caused the price of Western Union stock to plummet over $5 per share. *Compare* Dkt. Nos. 19-2 and 19-3 *with UA Local 13* Action, Dkt. No. 3, ¶¶51-52 (alleging first partial disclosure on October 30, 2012 which caused the stock to drop over $5 per share). Thus, it is indisputable that the Pension Fund has the largest financial interest in the relief sought by the class in this case.

In addition to having the "largest financial interest" in this litigation among the lead plaintiff movants, the Pension Fund also "otherwise satisfies the requirements of Rule 23," as required by the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). *See* Dkt. No. 17. As an institutional investor, the Pension Fund is precisely the type of investor Congress sought to encourage to serve as lead plaintiff with the passage of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Therefore, the appointment of the Pension Fund would fulfill one of the primary

purposes of the PSLRA. Because the Pension Fund has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

### B. The Presumption of "Most Adequate Plaintiff," Which Lies in Favor of the Pension Fund, Cannot Been Rebutted

The presumptive lead plaintiff, in this case the Pension Fund, must be appointed unless it is ***proven*** that the movant will not satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a). "[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268; *see also Cavanaugh*, 306 F.3d at 730-32.

The Pension Fund is not subject to unique defenses and will do a fair and adequate job of representing the class. Consequently, the presumption, which lies in favor of the Pension Fund, cannot be rebutted. The Pension Fund should be appointed Lead Plaintiff and its selection of counsel should be approved.

### C. Neither the Smallen Trust nor Herman Can Be Appointed Because They Are Subject to Unique Defenses

In addition to the fact that the Smallen Trust and Herman do not possess the largest financial interest in the relief sought by the class, they cannot be appointed lead plaintiff because they are also subject to unique defenses that prevent them from adequately representing the class. Specifically, the Smallen Trust and Herman only purchased Western Union shares after significant partial disclosures. *See Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, at *27-28 (S.D.N.Y. Oct. 4, 2011) (group's purchase of 87% of shares after partial disclosures was atypical).

On October 30, 2012, defendants partially disclosed the truth to the market, announcing disappointing third quarter 2012 results, reducing its outlook for 2012 and 2013, and stating the Company's Executive Vice President and President of Global Consumer Financial Services had left the Company. *UA Local 13* Action, Dkt. No. 3, ¶51.  This partial disclosure caused a significant decline in Western Union stock, over $5 per share. *Id*, ¶52.  This decline was the largest decline after any of the partial disclosures, including the Class Period-ending disclosure on January 19, 2017, when the stock fell $2.31. *Id*, ¶86.  In addition, there were other alleged partial disclosures on October 29, 2013, November 15, 2013, November 18, 2013, and May 3, 2016, which caused the stock to decline over $3 per share. *Id*, ¶¶62-64, 78-79.

Prior to these disclosures, neither the Smallen Trust nor Herman had made any purchases in Western Union securities.  It was not until significantly *after* all of these disclosures that the Smallen Trust purchased 5,000 shares of Western Union stock on January 17, 2017, 2 days before the end of the nearly 5-year Class Period, and Herman purchased 200 shares on December 19, 2016. *Smallen* Action, Dkt. No. 18-2; *Herman* Action, Dkt. No. 33-2.

Defendants will argue that none of these shares could have been made in reliance upon the misstatements alleged in the complaint. *See Rocco v. Nam Tai Elec., Inc.*, 245 F.R.D. 131, 136 (S.D.N.Y. 2007) (rejecting as atypical a proposed class representative who had purchased defendant's stock after the public disclosure of some, but not all, of defendant's fraudulent statements and omissions).

At the close of the Class Period on January 19, 2017, the U.S. Department of Justice issued a release stating that the Company admitted to anti-money laundering and consumer fraud violations, and settled with the Justice Department and the Federal Trade Commission for $586 million. *UA Local 13* Action, Dkt. No. 3, ¶82.

After this Class Period-ending disclosure, over the next several days as additional information came out about the Company's settlements, Western Union stock fell $2.31, or 10%. *Id*, ¶¶85-86. Because neither the Smallen Trust nor Herman purchased even a single share of Western Union stock prior to defendants' partial revelations of the truth, defendants may argue that they are subject to unique defenses concerning the issues of reliance and causation – two of the requisite elements of a §10(b) claim. *See In re IMAX Sec. Litig.*, 272 F.R.D. 138, 147-48 (S.D.N.Y. 2010) (declining to certify the class where the class representative, subject to a unique defense, was unable to demonstrate loss causation).

Where a lead plaintiff movant is subject to a legitimate "unique defense," it fails to meet Rule 23's requirements, does not trigger the lead plaintiff presumption, and should not be appointed lead plaintiff. *Baydale v. Am. Express Co.*, No. 09 Civ. 3016 (WHP), 2009 U.S. Dist. LEXIS 71688, at *6-*12 (S.D.N.Y. Aug. 14, 2009). In *Cardinal Health*, a lead plaintiff movant was rejected because it was subject to a unique defense even though it purchased 75% of its shares after defendants' negative public disclosures. *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 310 (S.D. Ohio 2005); *see also In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (noting that where a movant's retained shares were all purchased after partial disclosures and were made "just two weeks before the end of the class period," the movant is atypical because the "transactions raise serious questions regarding [the movant's] reliance on the alleged misrepresentations and omissions").

It is difficult to contest the notion that the Smallen Trust's or Herman's appointment as lead plaintiff "might imperil certification of a class in this case" given that it purchased 100% of its shares in Western Union after the partial disclosures. *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504 (S.D. Fla. 2002). The question is

not whether the unique defense will with certainty prove to be successful, but rather, "[t]he fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members. . . . Each of these plaintiffs would be required to devote considerable time to rebut the claim that their purchases were based not on the integrity of the market . . . [and] this situation would prejudice absent class members." *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989); *see also In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. March 15, 2005) ("The PSLRA . . . provides that we ask simply whether [a proposed lead plaintiff] is likely to be 'subject to' the unique defense . . .; we do not have to determine that the defense is likely to succeed.").

The Smallen Trust and Herman are subject to challenge because they purchased ***none*** of their Western Union stock pre-disclosure. *See In re DVI Inc Sec. Litig.*, 249 F.R.D. 196. 204 n.13 (E.D. Pa. 2008) (noting that "post-disclosure purchases may defeat an investor's attempt to utilize the fraud on the market presumption . . . when a disproportionately large percentage of the investor's purchases are made ***after*** a curative disclosure") (emphasis in original). Defendants will no doubt exploit the timing of the Smallen Trust's and Herman's transactions, arguing that they did not rely upon Western Union's statements when making their purchases.

While it is important to note that courts have held that the mere purchase after a disclosure or the class period does not defeat typicality ***when a movant also has significant pre-disclosure purchases***, the Smallen Trust and Herman had ***no*** pre-disclosure purchases. *See In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) (noting that while a mere post-disclosure purchase does not render pre-disclosure purchases atypical, "***unusual*** post-disclosure trading patterns present typicality problems") (emphasis in original). This makes the Smallen Trust's

and Herman's trading "unusual" and distinguishes their trading from those cases and from class members who merely continue to average down their losses by continuing to purchase a company's stock after the end of the class period or after a partial disclosure has been made. The Smallen Trust and Herman did not merely attempt to average down their losses by continued purchases after partial disclosures. Rather, they only began buying Western Union stock after significant corrective disclosures, and this fact renders them subject to challenge by defendants and prevents their appointment as lead plaintiff. *See In re Valence Tech. Sec. Litig.*, No. C 95-20459 JW, 1996 U.S. Dist. LEXIS 21774, at *18 (N.D. Cal. Mar. 14, 1996) (rejecting as atypical a proposed class representative who tripled his holdings after the first of two disclosures). As a result, neither the Smallen Trust nor Herman can be appointed lead plaintiff because they do not possess the largest financial interest, and they are also subject to unique defenses.

## III.   CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the Pension Fund's opening motion, the Pension Fund respectfully requests that this Court enter an order: (1) appointing the Pension Fund to serve as Lead Plaintiff in this action; and (2) approving the Pension Fund's selection of counsel.

DATED: April 17, 2017                  Respectfully submitted,

                                             ROBBINS GELLER RUDMAN
                                               &DOWD LLP
                                             HENRY ROSEN
                                             TRICIA L. McCORMICK

                                               s/ HENRY ROSEN
                                                HENRY ROSEN

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
henryr@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

[Proposed] Lead Counsel for Plaintiff

THE SHUMAN LAW FIRM
RUSTY E. GLENN
600 17th Street, Ste. 2800 South
Denver, CO 80202
Telephone: 303/861-3003
303/536-7849 (fax)
rusty@shumanlawfirm.com

Local Counsel

- 1 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2017.

                s/ HENRY ROSEN
                HENRY ROSEN

                ROBBINS GELLER RUDMAN
                    & DOWD LLP
                655 West Broadway, Suite 1900
                San Diego, CA  92101-8498
                Telephone:  619/231-1058
                619/231-7423 (fax)

                E-mail:	henryr@rgrdlaw.com

# Mailing Information for a Case 1:17-cv-00474-KLM Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust v. Western Union Company, The et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Chuan Cheng**
  ccheng@hollandhart.com,amsummers@hollandhart.com,intaketeam@hollandhart.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **David Franklin Graham**
  dgraham@sidley.com,efilingnotice@sidley.com,david-graham-9409@ecf.pacerpro.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **Hille von Rosenvinge Sheppard**
  hsheppard@sidley.com,snotton@sidley.com,sbrody@sidley.com,hille-sheppard-8094@ecf.pacerpro.com,jlopez@sidley.com,dmclaughlin@sidley.com,efilingnotice@sidley.com,kstead@sidley.com,ntygesso@sidley.com,lois.reid@sidley.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com

- **Holly Stein Sollod**
  hsteinsollod@hollandhart.com,amsummers@hollandhart.com,cmchallis@hollandhart.com,intaketeam@hollandhart.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 1:17-cv-00648-KMT UA Local 13 Pension Fund v. Western Union Company, The et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Chuan Cheng**
  ccheng@hollandhart.com,amsummers@hollandhart.com,intaketeam@hollandhart.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **David Franklin Graham**
  dgraham@sidley.com,efilingnotice@sidley.com,david-graham-9409@ecf.pacerpro.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com,lmix@rgrdlaw.com

- **Hille von Rosenvinge Sheppard**
  hsheppard@sidley.com,sbrody@sidley.com,kstead@sidley.com,efilingnotice@sidley.com,hille-sheppard-8094@ecf.pacerpro.com,lois.reid@sidley.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com

- **Holly Stein Sollod**
  hsteinsollod@hollandhart.com,amsummers@hollandhart.com,cmchallis@hollandhart.com,intaketeam@hollandhart.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 1:17-cv-00809-KLM Herman v. Western Union Company, The et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Chuan Cheng**
  ccheng@hollandhart.com,amsummers@hollandhart.com,intaketeam@hollandhart.com

- **David Franklin Graham**
  dgraham@sidley.com,efilingnotice@sidley.com,david-graham-9409@ecf.pacerpro.com

- **Hille von Rosenvinge Sheppard**
  hsheppard@sidley.com,sbrody@sidley.com,kstead@sidley.com,efilingnotice@sidley.com,hille-sheppard-8094@ecf.pacerpro.com,lois.reid@sidley.com

- **Holly Stein Sollod**
  hsteinsollod@hollandhart.com,amsummers@hollandhart.com,cmchallis@hollandhart.com,intaketeam@hollandhart.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`