**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00474-KLM

LAWRENCE HENRY SMALLEN AND
LAURA ANNE SMALLEN REVOCABLE
LIVING TRUST, Individually and on Behalf
of All Others Similarly Situated,

         Plaintiff,

   v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK, SCOTT T.
SCHEIRMAN, and RAJESH K.
AGRAWAL,

         Defendants.

Civil Action No.: 1:17-cv-00648-KMT

UA LOCAL 13 PENSION FUND, Individually
and on Behalf of All Others Similarly Situated,

         Plaintiff,

   v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK, SCOTT T.
SCHEIRMAN, and RAJESH K.
AGRAWAL,

         Defendants.

**-***caption continued on following page-*

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF MOTION OF LAWRENCE HENRY SMALLEN AND LAURA ANNE
SMALLEN REVOCABLE LIVING TRUST FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN
OPPOSITION TO COMPETING MOTIONS**

Civil Action No.: 1:17-cv-00809-KLM

MARTIN HERMAN, Individually and on
Behalf of All Others Similarly Situated,

          Plaintiff,
    v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK, SCOTT T.
SCHEIRMAN, and RAJESH K.
AGRAWAL,

          Defendants.

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ..........................................................................................1

II. THE SMALLEN TRUST IS THE PRESUMPTIVELY MOST ADEQUATE
    PLAINTIFF OF THE CLASS ............................................................................................3

    A.  The Smallen Trust Has The Greatest Financial Interest In This Litigation .............3

    B.  The Smallen Trust Otherwise Satisfies the Adequacy and Typicality
        Requirements of Rule 23 ..........................................................................................5

III. THE PRESUMPTION IN FAVOR OF THE SMALLEN TRUST HAS NOT BEEN
     AND CANNOT BE REBUTTED ......................................................................................5

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ........................................................................................................... 5

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) .................................................................................................. 5

*Basic Inc. v. Levinson*,
485 U.S. 224 (1998) ........................................................................................................... 6

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) .............................................................................................. 5

*Bovee v. Coopers & Lybrand*,
216 F.R.D. 596 (S.D. Ohio 2003) .............................................................................. 3, 7, 8

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999) ........................................................................................ 5

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005) ....................................................................................................... 2, 4

*Foley v. Transocean, Ltd.*,
272 F.R.D. 126 (2011) ............................................................................................... 1, 3, 6

*In re Arakis Energy Corp. Sec. Litig.*, No. 95-CV-3431,
199 U.S. Dist. LEXIS 22246 (E.D.N.Y. Apr. 23, 1999) ................................................... 8

*In re Bearingpoint, Inc. Sec. Litig.*,
232 F.R.D. 534 (E.D. Va. 2006) ....................................................................................... 8

*In re Comverse Tech., Inc. Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2) ......................................................... 3, 4

*In re Consumers Power Co. Sec. Litig.*,
105 F.R.D. 583 (E.D. Mich. 1985) ................................................................................... 9

*In re Dynergy, Inc. Secs. Litig.*,
226 F.R.D. 263 (S.D. Tex. 2004) ...................................................................................... 8

*In re Electronic Data Sys. Corp. Secs. Litig.*,
226 F.R.D. 559 (E.D. Tex.) ............................................................................................... 8

*In re Honeywell Int'l, Inc.*,
  211 F.R.D. 255 (D.N.J. 2002)..................................................................................................8

*In re Lowen Group Sec. Litig.*,
  233 F.R.D. 154 (E.D. Pa. 2005)..............................................................................................8

*In re Microstrategy Sec. Litig.*,
  110 F. Supp. 2d 427 (E.D. Va. 2000) .....................................................................................1

*In re Mutual Sav. Bank Secs. Litig.*,
  166 F.R.D. 377 (E.D. Mich. 1996) .........................................................................................9

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) .........................................................................................3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)..........................................................................................1, 3

*Katz v. Comdisco, Inc.*,
  117 F.R.D. 403 (N.D. Ill. 1987)..............................................................................................9

*Kux-Kardos v. VimpelCom, Ltd.*,
  151 F.Supp.3d 471 ..................................................................................................................4

*Lax v. First Merchs. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 ................................................................................................3

*Lehocky v. Tidel Techs., Inc.*,
  220 F.R.D. 491 (S.D. Tex. 2004)............................................................................................8

*Vandevelde v. China Natural Gas, Inc.*,
  277 F.R.D 126 (D. Del. 2011) ........................................................................................1, 3, 6

*Wolfe v. Aspenbio Pharma, Inc.*,
  275 F.R.D. 625 (D. Colo. 2011) .............................................................................................3

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)......................................................................................... *passim*

## Rules

Federal Rules of Civil Procedure Rule 23 .................................................................................2, 5

Movant Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust ("the Smallen Trust") respectfully submits this reply memorandum of law in further support of its motion for consolidation of the above-captioned related actions, appointment as Lead Plaintiff, and approval of its selection of counsel, and in opposition to competing motions.

## I. PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 432 (E.D. Va. 2000) (describing a "sequential procedure for litigants and the district court to follow in determining who among the members of the alleged class is the 'most adequate plaintiff' to serve as the lead plaintiff"). This presumption can ***only*** be rebutted upon ***proof*** that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Mere speculation or innuendo is insufficient to rebut this presumption. *See*, *e.g.*, *Foley v. Transocean, Ltd.*, 272 F.R.D. 126, 131-33 (2011) (finding that the presumption "may only be rebutted upon "***proof***" of inadequacy or atypicality and rejecting challenge founded on speculation (emphasis added); *Vandevelde v. China Natural Gas, Inc.*, 277 F.R.D 126, 135 (D. Del. 2011) (concluding that competing movant had not persuasively rebutted the presumption).

Here, as discussed more fully in the Smallen Trust's memorandum of law in further support of its motion and in opposition to competing motions ("Smallen Trust Opp. Brief") (Dkt. No. 23), the movant with the greatest financial interest in the subject matter of ***this*** litigation is the Smallen Trust, with losses of approximately $10,771 in connection with its purchases of the securities of The Western Union Company ("Western Union"). *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (finding the amount of the financial loss "the most significant factor in determining financial interest). Although UA Local 13 Pension Fund (the "Pension Fund") alleges a loss of $175,900 in connection with its purchases of Western

1

Union securities (Dkt. No. 17)[1], all of the Pension Fund's losses were incurred solely as a result of a drop in Western Union's common stock price ***more than four and a half years before the end of the Class Period***, ***caused by corrective disclosures that were the subject of a previous action.*** Accordingly, pursuant to the loss causation methodology mandated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 338 (2005), the Pension Fund has in fact suffered ***no recoverable losses*** in connection with the subject matter of this litigation, and thus has no financial interest in this litigation whatsoever.

In addition to alleging the greatest losses, and thus the largest financial interest in the litigation under the meaning of the PSLRA, the Smallen Trust has made a *prima facie* showing of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the Smallen Trust has more than satisfied the requirements entitling it to the strong presumption as the "most adequate plaintiff," and should be appointed as Lead Plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

Nevertheless, the Pension Fund attempts to undermine the Smallen Trust's application by arguing that the Smallen Trust is "subject to unique defenses that prevent[s it] from adequately representing the class." (UA Local 13 Pension Fund's Memorandum in Opposition to Competing Motions for Appointment as Lead Plaintiff ("Pension Fund Opp. Brief"), Dkt. No. 24 at 4.) Specifically, the Pension Fund argues that because the Smallen Trust purchased its Western Union securities after the partial disclosures of October 30, 2012—not coincidentally, the same partial corrective disclosures that constitute the ***only*** basis for the Pension Fund's loss, and are not alleged at all by two of the three complaints in the Related Actions—the defendants in this action "will argue that none of these shares (sic) [purchases] could have been made in reliance upon the misstatements alleged in the complaint." (*Id.* at 5.)

---

[1] Unless otherwise specified, all docket citations herein are to the docket in *Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust v. The Western Union Company et al.*, 1:17-cv-00648-KMT.

Not so.  This purported "unique defense" is one that courts across the country have considered and rejected many times, and it is well settled that purchases after a partial disclosure do not render a plaintiff atypical or inadequate to represent a class.  *See*, *e.g.*, *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 610 (S.D. Ohio 2003) ("[W]hen a complaint alleges an essential continuity of omissions or material misrepresentations, the claim of the class representative is considered typical for the class for the entire period from the date of the first objectionable report to the date of the full disclosure." (quoting Herbert & Alba Conte, 7 NEWBERG ON CLASS ACTIONS § 22.26) (internal quotations omitted).)  The Pension Fund's arguments are plainly without merit and fall well short of the "proof" required to rebut the presumption under the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Foley*, 272 F.R.D. at 131-33; *Vandevelde*, 277 F.R.D at 135.

## II. THE SMALLEN TRUST IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF OF THE CLASS

### A. The Smallen Trust Has The Greatest Financial Interest In This Litigation

The Smallen Trust, with a recoverable loss of $10,771 in connection with its net purchases of 5,000 shares of Western Union common stock during the Class Period, has the greatest financial interest in this litigation.  *See*, *e.g.*, *Vicuron Pharms.*, 225 F.R.D. at 511 (finding the amount of the financial loss "the most significant" factor); *See Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *17 (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered);[2] *Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 627 n.4 (D. Colo. 2011) (noting use of four-factor financial interest analysis set forth in *Lax*).

---

[2] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord Comverse*, 2007 U.S. Dist. LEXIS 14878, at *22-*25.

| Movant | Shares Retained | Recoverable Loss |
|---|---|---|
| Lawrence Henry Smallen and Laura Anne Smallen Revocable Living Trust | 5,000 | $10,771 |
| Martin Herman | 200 | $331 |
| UA Local 13 Pension Fund | 0 | $0 |

The Pension Fund professes to have suffered recoverable losses of approximately $176,016, but in fact has suffered no recoverable loss, and thus has no financial interest, in the instant litigation. As the Supreme Court unambiguously stated in *Dura*, if "the purchaser sells the shares . . . before the relevant truth beings to leak out, the misrepresentation will not have led to any loss." 544 U.S. at 342. *See also In re Comverse Tech., Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *13 (E.D.N.Y. Mar. 2) ("[I]t is clear that under *Dura* and its progeny, any losses . . . incurred before Comverse's misconduct was ever disclosed to the public are not recoverable, because those losses cannot proximately be linked to the misconduct at issue in this litigation."); *Kux-Kardos v. VimpelCom, Ltd.*, 151 F.Supp.3d 471, 476 ("[I]n evaluating financial loss, courts must consider only those losses proximately caused by the defendant's misrepresentations or other fraudulent conduct.").

The Pension Fund only held Western Union securities at the time of one set of corrective disclosures, which occurred on October 30, 2012 (Pension Fund Complaint at ¶¶ 51, 52), and subsequently sold all of its Western Union shares more than three and a half years before the end of the Class Period on January 19, 2012. Yet as described more fully in the Smallen Trust Opp. Brief, the October 30, 2012 disclosures—the ***sole*** basis for the Pension Fund's alleged loss—were the subject of a previous securities class action, in which the Pension Fund tried and failed to secure appointment as Lead Plaintiff. (Smallen Trust Opp. Brief at 6-7.) The Pension Fund may not attempt to recover in this action its losses incurred as a results of corrective disclosures that were previously litigated in another action. (*Id.*) Pursuant to the methodology of *Dura*, the Pension Fund thus has no financial interest whatsoever in this litigation.

4

### B. The Smallen Trust Otherwise Satisfies the Adequacy and Typicality Requirements of Rule 23

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)). The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

As set forth in its opening and opposition briefs, the Smallen Trust satisfies the adequacy and typicality requirements of Rule 23. Like all class members, the Smallen Trust alleges that the defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Western Union, or omitted to state material facts necessary to make the statements they did make not misleading. Like all class members, the Smallen Trust traded Western Union securities at prices artificially inflated by defendants' misrepresentations and/or omissions, and its members were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

### III. THE PRESUMPTION IN FAVOR OF THE SMALLEN TRUST HAS NOT BEEN AND CANNOT BE REBUTTED

Possessing the greatest financial interest in this litigation, and having made a *prima facie* showing of adequacy and typicality pursuant to Rule 23, the Smallen Trust is presumptively the most adequate plaintiff pursuant to the PSLRA. The Pension Fund attempts to rebut the

5

presumption in favor of the Smallen Trust's adequacy by arguing that the Smallen Trust is subject to unique defenses. As the Pension Fund would have it, because the Smallen Trust "only purchased Western Union shares after significant partial disclosures . . . Defendants will argue that none of these shares could have been made in reliance upon the misstatements alleged in the complaint." (Pension Fund Opp. Brief at 4, 5.)

The "significant partial disclosures" to which the Pension Fund refers occurred on October 30, 2012, more than four years before the end of the Class Period. (Pension Fund Complaint at ¶¶ 51-52.) Thus, the Pension Fund seeks to represent *all* investors who purchased or otherwise acquired Western Union securities during the Class Period—*i.e.*, between February 24, 2012 and January 19, 2017—yet in a stunning display of willful cognitive dissonance, in effect argues that only an investor who purchased Western Union securities between February 4, 2012 and October 31, 2012—*a mere 249 days into the 1,791-day Class Period*—may represent the class. In addition, as discussed more fully in the Smallen Trust's Opp. Brief, the Pension Fund's complaint is the only complaint in the three related actions to allege a class period that encompasses the October 30, 2012 corrective disclosures. (Smallen Trust Opp. Brief at 9.) Indeed, those disclosures—which are the *only* basis for the Pension Fund's alleged losses—were already litigated in a previous action, in which the Pension Fund tried and failed to secure appointment as lead plaintiff. The Court should thus view the Pension Fund's purported objection to the Smallen Trust's appointment as what it is: simply another transparent attempt to gain control over this litigation by any means necessary.

Moreover, the presumption in favor of the Smallen Trust's adequacy can *only* be rebutted upon *proof* that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Mere speculation or innuendo is insufficient to rebut this presumption. *See*, *e.g.*, *Foley*, 272 F.R.D. at 131-33; *Vandevelde*, 277 F.R.D at 135. Here, as described below, the argument that the Pension Fund posits as a unique defense to which the Smallen Trust would be subject is squarely at odds with the fraud-on-the-market doctrine articulated by the Supreme Court in *Basic Inc. v. Levinson*, 485 U.S. 224, 248 (1998), the cornerstone of securities class

6

actions, and has accordingly been rejected by courts across the country. As such, the Pension Fund's contentions are at best highly speculative, and as such fall well short of the high standard of *proof* required to rebut the PSLRA-mandated presumption.

Under the fraud-on-the-market doctrine, "an investor who buys or sells stock does so in reliance on the integrity of the market price." As a result, any investor who purchased shares of a company's stock before the truth was *fully* disclosed to the market has a rebuttable presumption of reliance under Section 10(b) of the Exchange Act. As the Pension Fund acknowledges, the Smallen Trust purchased its Western Union shares during the class period, on January 17, 2017. (Pension Fund Opp. Brief at 5.) Two days later, on January 19, 2017, the U.S. Department of Justice ("Justice Department") announced that Wells Fargo had admitted to anti-money laundering and consumer fraud violations and settled with the Justice Department and the Federal Trade Commission for $586 million. (*Id.* at 5.) The Smallen Trust is thus typical of all purchases of Wells Faro stock during the Class Period who, like the Smallen Trust, relied on the integrity of the market price of the Company's stock, and were harmed as a result of the revelations of defendants' malfeasance.

Although the Pension Fund would have the Court believe that "[i]t is difficult to contest the notion that the Smallen Trust's . . . appointment as lead plaintiff might imperil certification of a class in this case" (Pension Fund Opp. Brief at 6 (internal quotations omitted)), courts have in fact consistently rejected the "unique defense" that is the basis for the Pension Fund's purported concern as to the Smallen Trust's typicality. In *Bovee*, defendants opposed a lead plaintiff's motion for class certification, arguing that because the plaintiff had purchased shares of the defendant company's stock after the company had made partial corrective disclosures, the plaintiff's claims were therefore atypical of the class. The court rejected defendants' position and ruled in favor of the plaintiff:

> Many courts have observed that differences in the timing of stock purchases by class representatives do not make their claims atypical, if plaintiffs allege a common scheme of misrepresentation. "When a named plaintiff alleges a common

7

> course of conduct in a securities class action, the fact that he purchased stock late in the class period does not vitiate his suitability as a class representative."

*Bovee*, 216 F.R.D. at 610 (citations omitted).

In *In re Bearingpoint, Inc. Sec. Litig.*, 232 F.R.D. 534, 539 (E.D. Va. 2006), defendants similarly contested a motion for class certification, arguing that the plaintiff was an inadequate class representative because it had purchased the securities at issue after a partial corrective disclosure in a Form 10-Q. *Id.* at 540. Again, the court rejected this contention and granted class certification, finding that because the plaintiff was entitled to "a presumption of reliance, based on the proposition that an investor who buys or sells stock at the price set by the market does so in reliance on the integrity of the market price," its claims were typical of all other purchasers of the securities at issue who had likewise purchased their shares at inflated prices—*i.e.*, prior to the full disclosure of the fraud. *Id.* Moreover, the *Bearingpoint* court held that the significant drop in the company's share price after the final disclosure demonstrated that the market had not yet been cured of the defendants' earlier misrepresentations. *Id.*

Faced with similar arguments as to atypicality, other courts across the country have reached similar conclusions. *See*, *e.g.*, *In re Lowen Group Sec. Litig.*, 233 F.R.D. 154, 163 (E.D. Pa. 2005) ("Acceptance of defendants' arguments would result in the elimination of class certification as a remedy in securities fraud cases. Therefore, minor factual differences between the plaintiffs' dates of purchase will not preclude class certification."); *In re Dynergy, Inc. Secs. Litig.*, 226 F.R.D. 263, 276 (S.D. Tex. 2004) (holding that "purchases of stock by class representatives after negative announcements during the class period . . . do[es] not destroy typicality") (citation omitted); *In re Honeywell Int'l, Inc.*, 211 F.R.D. 255, 266-67 (D.N.J. 2002) (holding that factual circumstances between purchasers at different points in the class period did not subject movants to unique defenses where "[p]laintiffs allege many statements made in furtherance of a single scheme"); *In re Electronic Data Sys. Corp. Secs. Litig.*, 226 F.R.D. 559, 565 (E.D. Tex.) (same); *aff'd sub nom.* 429 F.3d 125 (5th Cir. 2005); *Lehocky v. Tidel Techs., Inc.*, 220 F.R.D. 491, 501 (S.D. Tex. 2004) (same); *In re Arakis Energy Corp. Sec. Litig.*, No. 95-CV-3431 (ARR), 199 U.S. Dist. LEXIS

22246, at *23 (E.D.N.Y. Apr. 23, 1999) (same); *In re Mutual Sav. Bank Secs. Litig.*, 166 F.R.D. 377, 383 (E.D. Mich. 1996) (same); *Katz v. Comdisco, Inc.*, 117 F.R.D. 403, 411 (N.D. Ill. 1987) (same); *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 608 (E.D. Mich. 1985) (same).

In short, the PSLRA requires ***proof*** that the Smallen Trust is atypical or inadequate to represent the class. The Pension Fund has proffered only self-serving speculation, and has not adduced—and cannot adduce—any such proof.

## CONCLUSION

For the foregoing reasons, the Smallen Trust respectfully requests that the Court grant its motion in its entirety.

Dated: May 1, 2017

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Hui M. Chang (not admitted)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
hchang@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom (not admitted)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*not admitted*)

9

                                                  60 East 42nd Street, Suite 4600
                                                  New York, NY 10165
                                                  Telephone: (212) 697-6484
                                                  Facsimile (212) 697-7296
                                                  Email:  peretz@bgandg.com

*Additional Counsel for Movant*