IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-00474-KLM
      Consolidated with 1:17-cv-00648-KLM

LAWRENCE HENRY SMALLEN AND LAURA ANNE SMALLEN REVOCABLE LIVING TRUST, individually and on behalf of all others similarly situated, and
UA LOCAL 13 PENSION FUND, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

THE WESTERN UNION COMPANY
HIKMET ERSEK,
SCOTT T. SCHEIRMAN,
RAJESH K. AGRAWAL, and
BARRY KOCH,

      Defendants.

---

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS
TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

---

Defendants respectfully submit as supplemental authority in support of their Motions to Dismiss the Consolidated Amended Complaint (Dkt. Nos. 53 & 55) a recently issued memorandum opinion and order (attached hereto as Exhibit A) of the United States District Court for the Northern District of Illinois granting a motion to dismiss claims of securities fraud in *Société Générale Securities Services, GbmH v. Caterpillar, Inc.*, 2018 WL 4616356 (N.D. Ill. Sept. 26, 2018) (Coleman, J.). The dismissal decision in *Caterpillar* is highly relevant because

various of the statements alleged to be false or misleading in that case are quite similar to those at issue here.

In particular, the plaintiff in *Caterpillar* took issue with various statements made by defendants during the course of a pending government investigation, which resulted in the issuance of search warrants (*id.* at *7) and eventually concluded with an audit finding from the U.S. Internal Revenue Service that Caterpillar owed $2.3 billion in taxes and penalties.[1]  During the course of the investigation, however, the company stated that it was "unable to predict the outcome or reasonably estimate any potential loss" from the investigations; was "going to vigorously contest" the government's position on liability; and "believe[d]" that it was "in full accordance" with the applicable laws.  *Caterpillar*, 2018 WL 4616356, at *3–6.  *Compare* Amended Complaint (Dkt. 40), *e.g*, ¶¶ 308, 318, 326, 344, 368, 413, 417, 449, 476, 483, 489, 493 (challenging statements that Western Union was "unable to predict the outcome of the government's investigation, or the possible loss or range of loss" (Br. (Dkt. 54) at 56)); *id.* ¶ 263 (Western Union "strongly disagrees with the FTC's assertions regarding its potential liability and any scope thereof"); *id.* ¶¶ 12, 76, 305, 366, 411, 447, 474 ("we believe our fraud prevention efforts . . . comply with applicable law").  The *Caterpillar* court dismissed the claims based on these statements, holding that they were statements of opinion put in context by accompanying disclosures of the investigations,[2] and that these statements of the company's views at the time

---

[1] *See* https://www.reuters.com/article/us-caterpillar-probe/caterpillar-expects-no-material-impact-of-tax-case-on-finances-idUSKCN1FZ2G6.

[2] The court found that disclosures of the sort made by Caterpillar, "that the IRS was examining its tax records [and] that it was subjected to a grand jury subpoena," . . . "belie[d] Société Générale's assertion that Caterpillar was attempting to conceal or deceive its investors."  *Id.* at *7.  As Defendants pointed out in their briefing, Br. (Dkt. 54) at 12–16, 56, Reply Br. (Dkt. 70) at 49, Western Union provided extensive disclosures regarding the ongoing government

had not been shown to be false or misleading:  "Société Générale essentially argues that Caterpillar should have admitted a . . . violation while the investigations were ongoing and the failure to do so was both a material omission and a misstatement.  This Court finds such a position untenable."  *Id.* at *6.  Defendants have previously made similar arguments here.  *See, e.g.,* Br. (Dkt. 54) at 28–51, 54–59; Reply Br. (Dkt. 70) at 13–33, 49–54.

The *Caterpillar* court went on to hold that the allegations of scienter also "fall short."  *Id.* at *7.  In reaching this determination, the court rejected the adequacy of plaintiff's attempts to extract a "strong inference" of scienter from such matters as the departure of certain individual defendants, individual stock sales, and claims that the investigations related to "core" matters (*id.* at *7–8) – all of which also parallel arguments made in the instant case. *Compare* Br. (Dkt. 54) at 74–79, 84–90, Reply Br. (Dkt. 70) at 69–70, 75–80.

Accordingly, Defendants respectfully request the Court to consider the *Caterpillar* decision as further support for dismissal of the Consolidated Amended Complaint.


Dated: October 15, 2018

                                                */s/ David F. Graham*

                                                David F. Graham
                                                Hille R. Sheppard
                                                SIDLEY AUSTIN LLP
                                                One South Dearborn
                                                Chicago, Illinois 60603

                                                Holly Stein Sollod
                                                HOLLAND & HART, LLP

---

investigations, including the subject of the investigations and the fact that the Company was subjected to subpoenas.

3

555 17th Street, Suite 3200
Denver, Colorado 80202

*Attorneys for Defendants The Western Union Company, Hikmet Ersek, Scott T. Scheirman, Rajesh K. Agrawal, and Barry Koch*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on October 15, 2018, which sent notification of such filing to the following email addresses:

    migross@pomlaw.com
    mgrunfeld@pomlaw.com
    ahood@pomlaw.com
    jalieberman@pomlaw.com
    henryr@rgrdlaw.com
    kip@shumanlawfirm.com
    rusty@shumanlawfirm.com

/s/ David F. Graham
*Attorney for Defendants*
*The Western Union Company,*
*Hikmet Ersek, Scott T. Scheirman, Rajesh K.*
*Agrawal, and Barry Koch*