**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00474-KLM
       Consolidated with 1:17-cv-00648-KLM

LAWRENCE HENRY SMALLEN AND LAURA ANNE SMALLEN REVOCABLE LIVING TRUST, individually and on behalf of all others similarly situated, and
UA LOCAL 13 PENSION FUND, individually and on behalf of all others similarly situated,

      Plaintiffs,

vs.

THE WESTERN UNION COMPANY,
HIKMET ERSEK,
SCOTT T. SCHEIRMAN,
RAJESH K. AGRAWAL, and
BARRY KOCH,

      Defendants.

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**
_____

Plaintiff writes in response to Defendants' submission of *Société Générale Sec. Servs., GbmH v. Caterpillar, Inc.*, No. 17 cv 1713, 2018 U.S. Dist. LEXIS 164739, at \*6 (N.D. Ill. Sep. 26, 2018), a district court case from another jurisdiction that Defendants incorrectly argue supports their motions to dismiss the Consolidated Amended Class Action Complaint ("Complaint"). (Dkt. No. 75). The *Caterpillar* decision merely stands for the basic principle that a claim of securities fraud must be based on more than conclusory allegations. The court in *Caterpillar* faced starkly different factual circumstances than those raised in the Complaint here. Those marked differences highlight why the Court should deny Defendants' motions to dismiss.

The sources that formed the basis for the plaintiff's allegations in *Caterpillar* did not describe the nature of any underlying wrongful conduct. Rather, the amended complaint in *Caterpillar* was based on a very limited set of speculative facts, including a newspaper article's excerpts of the opinions that an accounting professor provided to a Senate Subcommittee (but not the facts underlying those views, which were contained in a report that was not available), Caterpillar's receipt of a search warrant, and the existence of a whistleblower lawsuit. 2018 U.S. Dist. LEXIS 164739, at *20-21. This scant evidence pales in comparison to the sources discussed in the Complaint here—including (among other evidence) Western Union's admission of criminal liability to the Department of Justice; the Federal Trade Commission's and the New York Department of Financial Services' factual findings; the extensive facts underlying the Company's regulatory settlements (which were based on Western Union's internal reports and witness interviews); materials from Western Union's Board of Directors; the progress of the government investigations that led to the Company's settlements; and confidential witness statements. Unlike in *Caterpillar*, where the plaintiff's sources were limited to the conclusory recitation of a third party's opinions and contextual circumstances that did not shed any light of the substance of the company's activities, the sources here describe in detail the nature of Western Union's compliance failures during the Class Period and make clear Defendants' scienter as to those facts. (*See* Plaintiff's Opp. to Defs.' Motions to Dismiss ("MTD Opp.," Dkt. No. 63) at 1-7, 11-22, 51-70).

Moreover, in *Caterpillar*, there was "no meaningful dispute that significant time has passed since the agencies completed their investigations and no charges have been filed." 2018 U.S. Dist. LEXIS 164739, at *23. Here, in contrast, the federal and state investigations that revealed fundamental flaws in the Western Union's anti-money laundering and anti-fraud compliance programs resulted in Western Union's extraordinary admission to criminal violations of aiding and

2

abetting wire fraud and willfully failing to maintain an effective compliance program, the Federal Trade Commission filing consumer fraud charges against the Company, settlements with other federal and state regulators, and the largest forfeiture ever by a money services business.  (*See* MTD Opp. (Dkt. No. 63) at 1-2, 11-18).  Western Union's settlements with regulators in January 2018, as well as the additional evidence described in the Complaint, revealed prior wrongful conduct that highlights the extent of Western Union's compliance failures during the Class Period.

Defendants misleadingly cite an audit by the I.R.S. finding that Caterpillar owed $2.3 billion in taxes and penalties.  (Dkt. No. 75 at 2 n.2).  But the court in *Caterpillar* did not consider that development, which occurred after the amended complaint was filed and after briefing on defendants' motion to dismiss was complete.  (*See* Ex. A (Reuters article cited by Defendants) and Ex. B (*Caterpillar* Reply (*Caterpillar* Dkt. No. 36) at 2)).  Moreover, unlike here, the I.R.S.'s penalty on Caterpillar was just a proposal that was still in dispute and the company's stock price actually rose in response to the news.  (Ex. A).

The *Caterpillar* decision does not alter the well-established rule that affirmations of legal compliance are actionable under Section 10(b) when defendants violate the rules they adopted.  (*See* MTD Opp. (Dkt. No. 63) at 27-32).  Nor does it change the clear rule that descriptions of ongoing government investigations are false and misleading when they fail to disclose the significant risk of substantial liability that a company faces based on presently known facts.  (*Id.* at 38-42).

In *Caterpillar*, the meager facts at issue did not support the plaintiff's legal claims.  For example, statements that defendants believed that Caterpillar complied with tax laws were simply not false in the absence of sufficient evidence supporting the inference that its tax positions were in fact incorrect.  2018 U.S. Dist. LEXIS 164739, at *19.  The evidence here, however, raises a strong inference that Defendants made false and misleading statements—whether statements of fact or opinion—with scienter concerning Western Union's legal compliance.  (MTD Opp. (Dkt.

3

No. 63) at 27-32). Similarly, Defendants' statements here concerning the status of its many swirling government investigations were false and misleading in light of the development of those investigations over the course of the Class Period. (*Id.* at 38-42, 57-60). No similar evidence showed any underlying facts that the *Caterpillar* investigations uncovered indicating that the company faced a high risk of substantial liability

Lastly, the Complaint here describes additional types of misstatements, such as Defendants' constant affirmations touting the Company's compliance standards, that were not at issue in *Caterpillar*. (*Id.* at 32-38, 42-44). The *Caterpillar* decision therefore says nothing about the falsity of, or Defendants' scienter concerning, these statements.

The *Caterpillar* decision merely supports the uncontroversial point that not "every investigation or executed search warrant [is] evidence of wrongdoing." 2018 U.S. Dist. LEXIS 164739, at *6. That truism does nothing to rebut Plaintiff's arguments in opposition to Defendants' motions to dismiss that are based on very different—and more robust—facts.

DATED: October 19, 2018   Respectfully submitted,

*/s/ Michael Grunfeld*
**POMERANTZ LLP**
Jeremy A. Lieberman
Marc I. Gross
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, NY  10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
            migross@pomlaw.com
            mgrunfeld@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom (not admitted)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Lead Counsel for Lead Plaintiff and the Putative Class*

**BRONSTEIN, GEWIRTZ  
& GROSSMAN, LLC**  
Peretz Bronstein  
60 East 42nd Street, Suite 4600  
New York, NY 10165  
Telephone: (212) 697-6484  
Facsimile (212) 697-7296  
Email: peretz@bgandg.com

*Additional counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/Michael Grunfeld*
Michael Grunfeld