# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE CATERPILLAR INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) Case No. 1:17-cv-01713 Hon. Sharon Johnson Coleman |

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO DISMISS

James P. Gillespie, P.C., *pro hac vice*
K. Winn Allen, *pro hac vice*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
james.gillespie@kirkland.com
winn.allen@kirkland.com
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Mark Filip, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
mark.filip@kirkland.com
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Caterpillar Inc.,*
*D. James Umpleby III, Douglas R.*
*Oberhelman, Bradley M. Halverson,*
*James B. Buda, and Jananne A. Copeland*

January 10, 2018

# TABLE OF CONTENTS

                                                                  **Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ....................................................................................................................... 2

I.     PLAINTIFF FAILS TO PLEAD ANY MISSTATEMENTS OR OMISSIONS OF MATERIAL FACT ................................................................................................ 2

        A.     Caterpillar's Statements About the Likelihood of the Government Sustaining the CSARL Tax Position Do Not Contain Misstatements or Omissions ................................................................................................ 2

        B.     Caterpillar's Statements That it Was Cooperating with the Government's Investigations Were Not Misstatements of Material Fact ........................ 8

II.    PLAINTIFF FAILS TO PLEAD FACTS GIVING RISE TO A "STRONG INFERENCE" OF SCIENTER ............................................................................ 11

        A.     SGSS's Primary Scienter Theories Fail .................................................... 11

        B.     SGSS's Remaining Scienter Theories Are Deficient ................................ 15

        C.     Defendants' Trading Activity Undermines SGSS's Fraud Theory. ........... 17

III.   THE COURT SHOULD REACH THE SAME RESULT AS *MOGELL* ................ 19

IV.   THE COURT MAY CONSIDER DEFENDANTS' EXHIBITS ........................... 19

CONCLUSION .................................................................................................................. 20

Plaintiff's Opposition only confirms that the Amended Complaint should be dismissed under the heightened pleadings requirements of Rule 9(b) and the PSLRA. SGSS does not (because it cannot) contest that Caterpillar repeatedly disclosed the nature of, and risks associated with, the Government investigations that are at the heart of the Amended Complaint. *See* Defs.' Memo. Supp. Mot. Dismiss ("MTD") at 5–12. Among other things, Caterpillar disclosed the existence of the IRS and grand jury investigations; the fact that the IRS had proposed tax adjustments and penalties of approximately $2 billion, 2016 Form 10-K at 101 (Feb. 15, 2017) (Reply Ex. 4); and that although the Company was "vigorously contesting" the investigations, the Company could not predict the final outcome and "may incur additional tax expense or become subject to additional tax exposure," *id*. at 17. Consistent with the PSLRA and the great weight of federal authority interpreting it, these robust disclosures mandate dismissal. As the Central District of Illinois put it in dismissing similar claims against Caterpillar: "[S]hareholders had sufficient information to understand the various legal and regulatory investigations" the Company faced. *Mogell v. Calhoun*, 2016 WL 3369233, at *7 (C.D. Ill. Mar. 15, 2016) (Ex. 40).

Unable to avoid this reality, SGSS rests its entire case on what it characterizes as new facts arising after *Mogell* — namely, the Government's execution of search warrants at Caterpillar facilities, and the publication of two newspaper articles about the Government's investigations. But those facts do nothing to show (as Plaintiff must) that Caterpillar knowingly misrepresented its beliefs about the likely outcome of the investigations or its cooperation with investigators. The search warrants were executed long after Caterpillar made most of the statements at issue in this case, and imply nothing about Caterpillar's (as opposed to the Government's) state of mind at the time of the relevant disclosures. And the newspaper articles, which do nothing more than reference a handful of hearsay statements from anonymous sources and a non-public report, and which

expressly acknowledge that Caterpillar has not been charged with any crime, lack sufficient indicia of reliability even to be considered, and in any event fall far short of raising a "strong inference" that Caterpillar made any intentional misrepresentations.

Simply put, no reasonable inference of fraudulent intent can be drawn from the post-*Mogell* items on which SGSS relies. And even if such an inference could arise, it would be far less plausible than the non-culpable explanations for Caterpillar's beliefs about the Government's investigations that can be readily inferred from the multitude of facts before this Court:

- Caterpillar has not paid any fines or penalties and has not been charged with (much less convicted of) any crime;

- the IRS closed its audits for five tax years without asserting that Caterpillar's CSARL tax position was unlawful;

- the SEC closed its investigation into the CSARL Tax Dispute without bringing an enforcement action;

- the Senate Permanent Subcommittee on Investigations ("PSI") found no violation of existing U.S. law;

- expert reports and sworn testimony from the PSI hearing asserted that the CSARL tax position was lawful; and

- independent auditors repeatedly found that Caterpillar's financial statements fairly presented the financial position of the Company.

Accordingly, the Amended Complaint flatly fails to allege plausibly that Defendants disbelieved their statements of opinion. It should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFF FAILS TO PLEAD ANY MISSTATEMENTS OR OMISSIONS OF MATERIAL FACT

#### A. Caterpillar's Statements About the Likelihood of the Government Sustaining the CSARL Tax Position Do Not Contain Misstatements or Omissions

As Caterpillar explained in its opening brief, there are three independent reasons why SGSS has failed to state a claim for securities fraud based on Caterpillar's statements about the

2